IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL E. WILLIAMS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. 6:17-cv-00086 |
| | § | RWS-JDL |
| v. | § | |
| | § | |
| | § | |
| YVONNE WRIGHT et al., | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendants.* | § | |

## ORDER ADOPTING
## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Report and Recommendation of the Magistrate Judge (Docket No. 28) recommending dismissal without prejudice of all unserved Defendants and granting Holly Creek Village Home Owners Association, Wright Way Management Co., Yvonne Wright, and Lee Rhodes's Motion to Dismiss for Plaintiff's Failure to State a Claim (Docket No. 10) with prejudice has been presented for consideration. On June 21, 2017, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. Docket No. 16.

Plaintiff objects on two grounds: (1) Plaintiff argues that pursuant to Rule 28, Magistrate Judge Love "can not be involved in this case unless all parties agree"; and (2) Plaintiff argues pursuant to Rule 5(c), "serving one [Defendant] is service to all in a close geographic premises." Docket No. 16. Plaintiff proceeds to refer to the Court as "derelict in non attention to the rules" and asserts that "perhaps the court should actually do their on reading and follow the law." The

Court is also aware that when Plaintiff filed his Objections with the Clerk's Office, he became agitated and hostile with Clerk's Office staff, including cutting them off when they attempted to speak, such that it was necessary for the Clerk's Office to call security.

With respect to Plaintiff's first objection, Federal Rule of Civil Procedure 28 relates to "Persons Before Whom Depositions May be Taken." It appears that Plaintiff's reference to Rule 28 is intended to refer to 28 U.S. Code Section 636, entitled "Jurisdiction, Powers, and Temporary Assignment." Two portions of the statute are relevant. Plaintiff focuses on subsection (c), which is explained in the consent form provided to all parties that gives them the option to consent to proceed before a magistrate judge. This subsection states in part: "[u]pon consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter." 28 U.S.C. § 636(c)(1). The statute also explains that parties are free to withhold their consent without adverse substantive consequences and that the parties' consent must be voluntary. 28 U.S.C. § 636(c)(2). If the parties *consent* to a magistrate judge, the magistrate judge is fully responsible for presiding over the case, including trial.

The Court directs Plaintiff's attention, however, to a second portion of the statute. Subsection (b) indicates that "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court . . ." 28 U.S.C. § 636(b)(1)(A)–(B). If a district judge so chooses, a magistrate judge may fully hear most matters that are not dispositive of the case. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Federal Rule of Civil Procedure 73. For matters that are case-dispositive, as well as other specific issues (for example, motions to suppress evidence in a criminal case), the magistrate judge may make findings of fact and recommendations for the disposition of the issue. 28 U.S.C. § 636(b)(1)(B). These findings and

recommendations must be reviewed by a district judge. 28 U.S.C. § 636(b)(1)(C). Under this section of the statute, which allows a district judge to *refer* cases to a magistrate judge, the magistrate judge may handle certain matters during pretrial, but the ultimate disposition of the case (and presiding over a trial) is still left to the district judge.

Because Plaintiff has not *consented* to proceed before a magistrate judge, the undersigned has simply *referred* this case to the magistrate judge for pretrial proceedings. Ultimately, as demonstrated by this Order, a district judge is still responsible for this matter. All of this explanation boils down to one key issue that Plaintiff has missed in his argument: even if parties do not consent to fully proceed before a magistrate judge, the *district judge* may still decide to refer. It is not the parties' decision whether a case is referred. *See* 28 U.S.C. § 636(b)(1)(A) ("*a judge* may designate a magistrate judge. . ."). Thus, Plaintiff's first objection is meritless and is overruled.

With respect to Plaintiff's second objection, Federal Rule of Civil Procedure 5(c) is entitled "Serving Numerous Defendants." Rule 5(c) states, in part,

> (c) SERVING NUMEROUS DEFENDANTS.
> (1) *In General.* If an action involves an unusually large number of defendants, the court may, on motion or on its own, order that:
> (A) defendants' pleadings and replies to them need not be served on other defendants;
> (B) any crossclaim, counterclaim, avoidance, or affirmative defense in those pleadings and replies to them will be treated as denied or avoided by all other parties; and
> (C) filing any such pleading and serving it on the plaintiff constitutes notice of the pleading to all parties.

The Court first directs Plaintiff's attention to subsection (1), above, which states "the court ***may, on motion or its own***." In this case, although Plaintiff requested that the U.S. Marshals serve the Defendants, neither Plaintiff nor Defendants filed a motion invoking Rule 5(c), and the Court did not find it necessary to order these procedures on its own (in part, because not all defendants had

yet appeared in the case).  More importantly, however, the Court directs Plaintiff to subsection (A), which states "***defendants' pleadings and replies*** to them need not be served on ***other defendants***."  Neither subsection (A) nor the other subsections of Rule 5(c) relate to a *plaintiff* serving the named defendants with a summons and the plaintiff's pleading; they relate to *defendants* serving *other defendants*.  Plaintiff was required to serve each named Defendant pursuant to Federal Rule of Civil Procedure 4 and failed to do so.  Plaintiff's second objection is overruled.

Plaintiff does not object to the substance of the Magistrate Judge's findings with respect to Plaintiff's Complaint.  That is, Plaintiff does not object to the Magistrate Judge's finding that Plaintiff has failed to plead any plausible claims for relief.  *See* Docket No. 14 at 4–6.  Having reviewed the Report in regard to these findings and determined that the Magistrate Judge did not commit clear error in his determination (*see* 28 U.S.C. § 636(b)(1)(C)), the Court **ADOPTS** the Magistrate Judge's determination that Plaintiff has failed to sufficiently plead his claims under Rule 8.

After considering and overruling Plaintiff's objections, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct.  The Court **ADOPTS** the full Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court.  All non-moving, un-served Defendants named in this matter are hereby **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to timely serve under Rule 4(m) and failure to timely prosecute under Rule 41(b).  The Court further **GRANTS** Holly Creek Village Home Owners Association, Wright Way Management Co., Yvonne Wright, and Lee Rhodes's Motion to Dismiss for Plaintiff's Failure to State a Claim (Docket No. 10).  Plaintiff's claims against Holly Creek Village Home Owners Association, Wright Way

Management Co., Yvonne Wright, and Lee Rhodes are hereby **DISMISSED WITH PREJUDICE**.  Further, the Court advises Plaintiff that future hostile and unkind behavior towards Court staff may result in sanctions.

Plaintiff has now filed similar, implausible allegations against Holly Creek Village Home Owners Association, Wright Way Management Co., and Yvonne Wright on two occasions.  In light of Plaintiff's repeated frivolous claims and abusive conduct against these parties, the Court **FURTHER ORDERS** that Plaintiff must be represented by a licensed attorney if he seeks to file any future lawsuits against Holly Creek Village Home Owners Association, Wright Way Management Co., and/or Yvonne Wright.

**SIGNED this 5th day of July, 2017.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE